OPINION
Defendants-appellants Carla S. Chila and Michael L. Chila appeal the May 1, 2000 Judgment Entry of the Fairfield County Court of Common Pleas which dismissed their counterclaims. Plaintiff-appellee is Norwest Mortgage, Inc.
 STATEMENT OF THE CASE AND FACTS
On November 7, 1996, appellee filed a complaint in foreclosure and a Notice Under the Fair Debt Collection Practices Act. Appellee alleged appellant, Carla S. Chila, was in default under a promissory note. Appellee sought the total unpaid sum on the note; interest at the rate of 8.500% per annum from May 1, 1996; and sums advanced to pay real estate taxes, hazard insurance premiums, property protection and maintenance. On December 11, 1996, appellants each filed an answer and counterclaim. Michael Chila's counterclaim alleged he was libeled by being named in appellee's complaint for foreclosure. Carla Chila's counterclaim alleged appellee had breached the terms of the promissory note by declaring the debt due and initiating a complaint for foreclosure. Appellee filed answers to the counterclaims on December 19, 1996. Appellee filed a Motion for Summary Judgment on February 3, 1997, maintaining it was entitled to full payment on the note because appellants were in default. The motion did not address appellants' counterclaims. In an April 16, 1997 Memorandum Decision, the trial court granted appellee's motion for summary judgment against Carla Chila, but overruled the motion against Michael Chila. The court found appellee had an absolute right to call due the remaining balance. Appellee filed a second Motion for Summary Judgment with leave on January 7, 1998. In a November 2, 1998 Memorandum, the trial court granted summary judgment against appellant Michael Chila. (The Judgment Entry granting this motion for summary judgment was not filed until January 4, 1999, as set forth below.) In an October 30, 1998 Judgment Entry, the trial court granted summary judgment against Carla Chila and designated the judgment a final appealable order. On November 30, 1998, appellee filed a Praecipe to Issue Order of Sale and obtained an appraisal of the property. However, on December 29, 1998, the trial court canceled the sale upon oral motion of appellee. On January 4, 1999, the trial court filed an Amended Judgment Entry relative to the grant of summary judgment against Carla and Michael Chila on the claims contained in the complaint. The trial court designated this judgment a final appealable order. Appellants filed a Notice of Appeal on December 1, 1998. The appeal was dismissed February 3, 1999, by motion of appellants. Thereafter, appellants filed a second Notice of Appeal on January 29, 1999, challenging the grant of summary judgment on the claims on the complaint. In a Decision dated December 15, 1999, this Court dismissed the appeal for lack of final appealable order. Notwithstanding the fact an appeal was pending, appellee filed a motion for summary judgment on the counterclaims on March 8, 1999. On May 25, 1999, the trial court issued a memorandum, denying the motion. On October 21, 1999, appellee filed a Motion to Dismiss/Motion for Summary Judgment on the counterclaims. After this Court rendered its opinion on December 15, 1999, the trial court set a briefing schedule for appellee's motion. On May 1, 2000, the trial court dismissed appellants' counterclaims. It is from this judgment entry appellants prosecute this appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED WHEN IT DID NOT SCHEDULE OR HOLD AN INITIAL CONFERENCE AFTER THE ISSUES IN THE CASE WERE JOINED BY THE PLEADINGS.
 II. THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF/APPELLEE, NORWEST MORTGAGE, INC., TO PURSUE A SUMMARY JUDGMENT AGAINST DEFENDANTS/APPELLANTS WHEN NO MOTION FOR LEAVE TO FILE FOR SUMMARY JUDGMENT WAS MADE BY PLAINTIFF/APPELLEE.
 III. THE TRIAL COURT'S GRANTING OF SUMMARY JUDGMENT AGAINST DEFENDANT/APPELLANT, CARLA CHILA, WAS IMPROPER BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST.
 IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST DEFENDANT/APPELLANT, CARLA CHILA, WHEN THE MOTION WAS SUPPORTED BY A FALSE AFFIDAVIT AND GENUINE ISSUES OF MATERIAL FACT EXIST.
 V. THE TRIAL COURT ERRED WHEN IT MADE TOW SEPARATE FINDINGS FOR THE ONE MOTION FOR SUMMARY JUDGMENT SUPPORTED BY A FALSE AFFIDAVIT.
 VI. THE TRIAL COURT ERRED IN ALLOWING THE JUDGMENT ENTRY BASED ON THE MEMORANDUM OF APRIL 16, 1997 TO BE FILED ON OCTOBER 30, 1998.
 VII. THE TRIAL COURT ERRED IN GRANTING THE SECOND SUMMARY JUDGMENT AGAINST DEFENDANT/APPELLANT, MICHAEL CHILA, WHEN THE ORIGINAL COMPLAINT, SUING MICHAEL CHILA FOR MONEY, WAS NEVER AMENDED TO DEAL SPECIFICALLY WITH DEFENDANT/APPELLANT, MICHAEL CHILA'S, DOWER INTEREST AND GENUINE ISSUES OF MATERIAL FACTS EXIST.
 VIII. THE TRIAL COURT ERRED IN ACCEPTING AFFIDAVITS SUPPORTING THE SECOND MOTION FOR SUMMARY JUDGMENT WHICH FALSELY STATED THAT THE AFFIANTS HAD PERSONAL KNOWLEDGE AS TO THE REASON THAT DEFENDANT/APPELLANT, MICHAEL CHILA, WAS BEING SUED, WHEN THE ORIGINAL COMPLAINT WAS NEVER AMENDED.
 IX. THE TRIAL COURT ERRED WHEN IT ALLOWED PLAINTIFF/APPELLEE, NORWEST MORTGAGE, INC., TO PURSUE A MOTION TO DISMISS/SUMMARY JUDGMENT AGAINST DEFENDANT'S/APPELLANT'S COUNTERCLAIMS WHEN NO LEAVE OF COURT TO FILE FOR A MOTION TO DISMISS/SUMMARY JUDGMENT WAS MADE BY PLAINTIFF/APPELLEE.
 X. THE TRIAL COURT ERRED WHEN IT GRANTED MOTION TO DISMISS/SUMMARY JUDGMENT WHEN ISSUES OF MATERIAL FACTS EXIST AS EVIDENCED BY THE FINDINGS OF THE MEMORANDUM OF DECISION OF MAY 25, 1999, WHICH DENIED PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIMS OF DEFENDANTS/APPELLANTS.
 XI. THE TRIAL COURT ERRED WHEN IT GRANTED MOTION TO DISMISS/SUMMARY JUDGMENT WHEN NO AFFIDAVITS IN SUPPORT OF THE MOTION EXISTED AND NO CASE LAW WAS CITED.
Discussion
App.R. 16 sets forth the requirements for an appellate brief. The statute provides, in pertinent part: (A) Brief of the appellant.
The appellant shall include in its brief, under the headings and in the order indicated, all of the following: (1) A table of contents, with page references.
(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
(8) A conclusion briefly stating the precise relief sought.
We have reviewed appellants' brief. Because we find appellants' brief so completely in derogation of App.R. 16, we dismiss appellants' appeal for want of prosecution pursuant to App.R. 18(C). After assigning eleven errors, appellants made no legal argument whatsoever. Although appellants' brief, did, in fact, contain a section entitled, "Statement of the Facts," the section should have been entitled "Statement of the Case." Therefore, while the court has been apprised of the procedural posture of the instant matter, appellants have failed to advise this Court of the facts giving rise to this appeal, and have failed to provide any legal arguments in support of their assignments of error. Appellant's failure to file a brief setting forth arguments warranting any action by this Court are tantamount to a failure to prosecute. Appellant's appeal is dismissed.
By: HOFFMAN, J. GWIN, P.J. and READER, V.J. concur